**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | |
|---|---|
| **HANGER PROSTHETICS &** ) <br> **ORTHOTICS EAST,** ) <br> **INC.** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **RICHARD HENSON and** ) <br> **MARTY ALTSHULER,** ) <br>     **Defendants** ) | **No. 3:07-CV-120** <br> **(Phillips)** |

## MEMORANDUM OPINION

Plaintiff Hanger Prosthetics & Orthotics East, Inc. ("Hanger") brought this action to recover damages for breach of a non-compete agreement by defendants. Defendants Henson and Altshuler are principals and owners of Choice Medical, Inc. and Choice O&P, LLC (collectively "Choice") which provide orthotic and prosthetic products and services in competition with Hanger in the state of Tennessee. Plaintiff successfully brought an action against Choice and a non-party to this suit in the Chancery Court of Knox County, Tennessee for procuring the breach of a non-compete agreement by a former employee of Hanger. Plaintiff now seeks to hold defendants personally liable for this breach.

Defendants have moved to dismiss plaintiff's complaint on two theories: immunity from personal liability and judicial estoppel of plaintiff's claim. This court agrees, and defendants' motion to dismiss will be granted and this action dismissed.

**Background**

The facts as follows are taken from plaintiff's complaint: Plaintiff Hanger, an orthotics and prosthetics provider, employed William Kitchens, a non-party to this suit, on or about May 4, 1990. Kitchens signed a non-compete agreement, specifying that should his employment with Hanger Prosthetics terminate, he would not work as an orthotist for a competitor within a seventy-five mile radius within a period of two years.

On or about August 4, 2004, defendants Henson and Altshuler met with Kitchens to discuss potential employment with Choice. At this meeting, Kitchens told defendants about the non-compete agreement and gave them a copy thereof. Subsequently, Kitchens tendered his resignation to Hanger Prosthetics and represented that he would abide by the non-compete agreement. Kitchens, however, immediately commenced employment with the defendants.

On September 29, 2004, plaintiff Hanger Prosthetics issued cease and desist letters to Kitchens and Choice. Kitchens, however, continued his employment with Choice, and on November 15, 2004, plaintiff filed suit in the Chancery Court of Knox County, Tennessee for breach of contract by Kitchens and inducement or procurement of breach of contract by Choice. On February 23, 2005, plaintiff obtained a temporary injunction against Kitchens and defendants; after

a trial on the merits, the judge found that defendant Choice had induced the breach of contract by Kitchens. On February 14, 2007, the judge ordered Choice to pay damages to Hanger Prosthetics.

Plaintiff now brings suit against defendants Henson and Altshuler in their individual capacities, the initial action being against Choice. Plaintiff seeks to hold defendants jointly and severally liable for having induced the breach of the non-compete agreement by Kitchens. Defendants filed a motion to dismiss on May 22, 2007 [Doc. 8] and the court now rules thereon.

## **Analysis**

When considering a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted," Fed. R. Civ. Pro. 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

Defendants raise two arguments in support of their motion to dismiss. First, defendants argue that they are immune from personal liability for actions performed in their corporate capacity. Second, defendants argue that the claim must be dismissed because plaintiff is judicially estopped from raising this argument. Because it is dispositive, the court will only address the latter argument.

### *Claim Preclusion*

Defendants argue that plaintiff is "judicially estopped to assert an individual claim against the corporate officers of Choice Medical. The allegations and relief sought in the present matter conflict with the allegations and statements of positions taken by Plaintiff in the State Court Action." Mem. of Law in Supp. of Defs.' Mot. to Dismiss at 8 [Doc. 9]. The court interprets this argument essentially as one of claim preclusion: Because the plaintiff had a full and fair opportunity to litigate its claim in the prior state court action, plaintiff is now precluded from raising this claim in federal court.

As noted by the Sixth Circuit, "when asked to give preclusive effect to a prior state court judgment, [the Full Faith and Credit Act requires] a federal court [to] look to the law of the rendering state to determine whether and to what extent the prior judgment should receive preclusive effect in a federal action." *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (citing 28 U.S.C. § 1738); *accord Abbott v. Michigan*, 474 F.3d 324, 330 (6th Cir. 2007) ("Federal courts must give the same preclusive effect to a state-court judgment as that judgment receives in the rendering state."). Furthermore, "[t]his rule applies equally where the present suit is a diversity action." *Apseloff v. Family Dollar Stores, Inc.*, No. 06-4200, 2007 U.S. App. LEXIS 14049, at *7 (6th Cir. June 7, 2007) (citing *McAdoo v. Dallas Corp.*, 932 F.2d 522, 524 (6th Cir. 1991)). Thus, this court must first examine what preclusive effect Tennessee would accord the prior state judgment in this action.

Tennessee recognizes two preclusion doctrines, res judicata and collateral estoppel. As noted by the Tennessee Supreme Court,

> The doctrine of res judicata, [or claim preclusion], bars a second suit between the same parties or their privies on the same cause of action with respect to all issues which were or could have been litigated in the former suit. Collateral estoppel operates to bar a second suit between the same parties and their privies on a different cause of action ... as to issues which were actually litigated and determined in the former suit.

*Massengill v. Scott*, 738 S.W.2d 629, 631 (Tenn. 1987). As plaintiff raises a claim which could[1] and should have been raised in the state court proceeding, the doctrine of res judicata, or claim preclusion, applies to this case.

In Tennessee, to successfully assert a res judicata defense, the party "must demonstrate (1) that a court of competent jurisdiction rendered the prior judgment, (2) that the prior judgment was final and on the merits, (3) that both proceedings involved the same parties or their privies, and (4) that both proceedings involved the same cause of action." *Gerber v. Holcomb*, 219 S.W.3d. 914, 917 (Tenn. Ct. App. 2006) (quoting *Young v. Barrow*, 130 S.W.3d 59, 64 (Tenn. Ct. App. 2003)).

This case satisfies all four requirements of the Tennessee test for res judicata, or claim preclusion. First, a judgment was rendered by a court of competent jurisdiction, the Chancery Court of Knox County, Tennessee. Second, that judgment was final and issued on the merits. *See* Compl. ¶¶ 20-21. Third, the proceeding involved the same parties to this litigation. Though defendants are now sued in their individual capacities, they were privities of the

---

[1] A recent Sixth Circuit opinion reiterates that "the doctrine of *res judicata* does not apply to claims in a subsequent suit that were not ripe at the time the first suit was filed." *Brown v. Potter*, No. 06-1378, 2007 U.S. App. LEXIS 22953, at *2 (6th Cir. Sept. 26, 2007) (per curiam). Because this claim was ripe at the time of filing and could have been raised, this line of cases is inapplicable, and the doctrine of res judicata applies.

defendant of the first suit as principals and sole owners of Choice Medical.  Finally, the proceedings involve the same cause of action: by plaintiff's own admission, this suit arises from the identical set of facts and theory of liability for which plaintiff recovered in the Chancery Court.  *See* Resp. to Defs.' Mot. to Dismiss at 11-13.

In short, it is clear that the doctrine of claim preclusion bars plaintiff's claim for personal liability.  Had the plaintiff wished to pierce the corporate veil and hold defendants Henson and Altshuler personally liable, plaintiff should have raised those claims in the prior state court proceeding.  The Full Faith and Credit Act and principles of res judicata now bar this court from taking action.

Because this issue is dispositive, the court need not reach an analysis on the merits of defendants' immunity from personal liability.

## Conclusion

Because principles of res judicata preclude plaintiff's claim for defendants' personal liability, the defendants' motion to dismiss is **GRANTED.**

**ENTER:**

                                                s/ Thomas W. Phillips  
                                                United States District Judge